JANET RAMSEY, BY NEXT FRIEND, ET AL., v. J. MORGAN DIX ET AL.

Decided July 23, 1927.

**Negligence—Malpractice by Physician—Verdict of $35,000 Set Aside as Against Clear Weight of Evidence so Far as it Finds That Defendants' Diagnosis Failed to Exhibit That Knowledge and Skill Usual in the Profession Occupied by Defendant—Also Held That Verdict is Excessive.**

On rule to show cause allowed the defendant Dix.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the rule, *Frederick M. P. Pearse.*

Contra, *John A. Matthews.*

PER CURIAM.

This action was brought by a little girl, twelve years old, to recover for serious injuries received by her, and which, it was alleged, resulted from malpractice on the part of the two defendants, Dr. Dix and Dr. Lippincott. The father was joined as a plaintiff, seeking to recover compensation for the expenses incurred by him as the result of the injuries received by the child. The trial resulted in an award of $35,000 for the child, $2,000 for the father, the jury assessing the damages against Dr. Dix and exonerating Dr. Lippincott. Thereupon, an application was made by counsel for Dr. Dix for a rule to show cause why this verdict should not be set aside, and the application was granted.

A number of reasons are relied on by counsel for the defendant Dix for making this rule absolute. We do not find it necessary, however, to consider more than two of them. The first is that the verdict is contrary to the clear weight of the evidence, so far as it inferentially finds that Dr. Dix

in his diagnosis and treatment of the child's injuries failed to exhibit that knowledge and skill which is usual in the profession which he occupies, and that such failure was due to negligence on his part. The second is that the verdicts are excessive. Our examination of the proofs sent up with the rule leads us to the conclusion that both of these contentions are justified, and that, consequently, the rule to show cause should be made absolute.

It will be so ordered.